[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 10, 2006
THOMAS K. KAHN
CLERK

------------------------------------------

No. 05-16326
Non-Argument Calendar

------------------------------------------

D.C. Docket No. 04-00036-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HARRY KEVIN BECKER,

Defendant-Appellant.

----------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Florida

----------------------------------------------------------------

**(August 10, 2006)**

Before EDMONDSON, Chief Judge, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Defendant-Appellant Harry Becker appeals his convictions and consecutive

90-month sentences for (1) conspiracy to distribute and to possess with intent to

distribute heroin, 21 U.S.C. §§ 841(b)(1)(C) and 846; (2) distributing and aiding

and abetting the distribution of heroin, 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1), (b)(1)(C); (3) obtaining and aiding and abetting the obtaining and attempt to obtain heroin by an inmate in federal prison, 18 U.S.C. §§ 2 and 1791(a)(2), (b)(1); and (4) providing and aiding and abetting the providing of heroin to an inmate in federal prison, 18 U.S.C. §§ 2; 1791(a)(1), (b)(1), and (d)(1)(C).  No reversible error has been shown; we affirm.

Becker first argues that the government violated due process by engaging in outrageous conduct that resulted in his criminal offenses because the government allowed Eric Jones, an inmate in the federal prison where Becker was housed, to run an illegal prison gambling operation while assisting the government with its investigation of drug trafficking inside the prison.[1]  Becker filed a motion to dismiss his indictment based on the government's outrageous conduct, which the district court denied.

We review de novo "[w]hether facts show misconduct so outrageous that it bars prosecution" by "looking at the totality of the circumstances."  United States v. Edenfield, 995 F.2d 197, 200 (11th Cir. 1993) (internal quotation omitted).  "A

---

[1]Jones acted as a "bookie" in prison; he accepted bets placed by other prisoners who used postal stamps as their currency.  Prison officials discovered Jones's gambling operation; and they confiscated the stamps in his possession.  Jones later agreed to cooperate with an investigation run by the FBI into drug trafficking at the prison in exchange for authorization to resume his bookmaking activity.

2

conviction may be overturned when the government is involved in . . . criminal activity only when the government's involvement violates fundamental fairness and shocks the universal cause of justice. Otherwise, the government's infiltration of criminal activity is a recognized and permissible means of investigation." United States v. Chastain, 198 F.3d 1338, 1352 (11th Cir. 1999) (internal quotation and citation omitted).

In this case, the government's conduct falls far short of the extremely outrageous and shocking conduct necessary to establish a due process violation. The government allowed Jones to continue his gambling operation and authorized Jones to purchase drugs and record his drug transactions in prison. Becker asked Jones if Jones wanted to buy heroin; Jones replied that he did want to buy heroin using stamps as currency for the purchase. Becker and Jones completed the transaction. Jones then gave the purchased heroin and recordings of his conversations with Becker to the FBI.

By permitting Jones to continue his bookmaking, the government allowed him to maintain his interaction with other prisoners and to have the financial means to complete a drug transaction. See United States v. Ofshe, 817 F.2d 1508, 1516 (11th Cir. 1987) (concluding that the government's placement of a listening device on defendant's lawyer did not prejudice defendant and was not so

3

outrageous that it violated defendant's due process rights); United States v. Savage, 701 F.2d 867, 869-70 (11th Cir. 1983) (determining that the government did not engage in outrageous conduct when a government agent pretended to sympathize with defendant's difficulty in making cocaine and suggested that defendant instead make PCP, conduct for which defendant was later criminally charged). The government's conduct in this case did not violate due process.

Becker next argues that his consecutive 90-month sentences are unreasonable because the quantity of heroin that he sold to Jones, 0.12 grams, was so small. Becker contends that, even though his sentence was 82 months below the lowest point of his Guideline range, his sentence was still too high because, in other drug offense cases, we have affirmed sentences that imposed a term of imprisonment that was less than half of the lowest point of the defendant's Guideline range.

We review a sentence imposed under an advisory Guidelines system for reasonableness in the light of the factors set forth in 18 U.S.C. § 3553(a). United States v. Winingear, 422 F.3d 1241, 1244-46 (11th Cir. 2005). The section 3553(a) factors include (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to

provide just punishment; (4) the need to protect the public; and (5) the Guidelines range. See 18 U.S.C. § 3553(a). "Review for reasonableness is deferential." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." Id.

Here, the district court imposed reasonable sentences after considering the section 3553(a) factors. Becker's base offense level of 26 was increased to 34 because Becker was a career offender. With a criminal history category of VI and an offense level of 34, Becker's Guideline imprisonment range was 262 to 327 months.[2] The district court acknowledged that Becker's status as a career offender substantially increased his sentence; and the court explained that Becker's Guideline range went beyond the sentencing objectives set out in 18 U.S.C. § 3553. For that reason, the district court sentenced Becker to two consecutive 90-month sentences, which was well below the lowest point of his Guideline range. Nothing in the record convinces us that Becker's sentences were unreasonable in the light of the section 3553(a) factors.

---

[2]On appeal Becker does not challenge the district court's calculation of his Guideline imprisonment range.

**AFFIRMED.**